**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**TIMMIE JAMES LATHAM**                                                                                  **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 1:19-CV-P131-GNS**

**CAPT. TROY OSHEFSKI** *et al.*                                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of Plaintiff's complaint and amended complaint pursuant to 28 U.S.C. § 1915A.[1] For the reasons set forth below, the Court will dismiss some claims but allow others to proceed.

**I.**

Plaintiff Timmie James Latham is incarcerated at the Simpson County Jail (SCJ). Plaintiff names as Defendants in this action the SCJ; SCJ Captain Troy Oshefski; SCJ Major Tim Phillips; and "Nurse Linda," whom Plaintiff seems to indicate is a Southern Health Partners (SHP) "2nd shift nurse." Plaintiff sues Defendants Oshefski, Phillips, and "Nurse Linda" in both their official and individual capacities.

Plaintiff alleges that he suffers from congestive heart failure. He states that Defendant Phillips witnessed an incident where Plaintiff's "medication was either wrong or the dosage was wrong" but that he waited "a couple of days to discuss this with the proper person instead of

---

[1] Upon review of the complaint, the Court entered an Order allowing Plaintiff to file an amended complaint because he had failed to allege how the named Defendants or any other officials were personally involved in the alleged violations of Plaintiff's constitutional rights and to sue the named Defendants in their individual capacities (DN 8). *See, e.g*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment). Plaintiff has now filed an amended complaint (DN 9).

doing so immediately." Plaintiff states that Defendant Phillips also witnessed "first hand my meds weren't given to me properly and done nothing about it."

Plaintiff alleges that "Nurse Linda . . . would let me run out of medication without properly ordering. She would pull medications from other people's prescriptions to fill mine which turned out to be the wrong medication." Plaintiff alleges that "medication has been dispensed to him 2x more that what I take."

Plaintiff claims that Defendant Oshefski "did not look into these matter or ask me about the situation at all. His only remarks as stated in the Grievances was 'Yes, you ran out but we got them filled and you haven't missed a dose.'" Plaintiff states that he "had missed several doses" and that Defendant Oshefski "was just going around the situation (neglecting)."

Plaintiff also complains that he is charged for his medications from his inmate trust account even though, when he is not in custody, "[his] meds are free."

Plaintiff also claims that he is given food "that's not adequate to my cardiovascular diet which I'm supposed to be on and I'm not." Plaintiff further alleges that he has missed appointments with doctors and for physical therapy.

Plaintiff states that his rights are being violated because is a pretrial detainee being housed in a maximum-security cell with state inmates.

Finally, Plaintiff alleges that his cell has "black mold throughout"; that he is lying in the floor "where it's filthy and known to have lead paint"; and that he is housed with inmates who have "staff infections [] with no kind of medical treatment which is detremental to my illness and could be fatal."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of release from incarceration and expungement of his record.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Medical Claims

The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)). The Sixth Circuit has "historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[2]

---

[2] At this time, the Sixth Circuit has recognized only one explicit exception to the general rule that rights under the Eighth Amendment are analogous to rights under the Fourteenth Amendment. This exception applies to excessive-force claims brought by pretrial detainees. *Id*. at 938 n.3 (noting that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective-intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley*

A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1996)). Mere negligence will not suffice. *Farmer v. Brennan*, 511 U.S. at 835-36.

The Court accepts for purposes of this review that Plaintiff's alleged congestive heart failure constitutes an objectively serious medical need.

**1. Claims against Defendant "Nurse Linda"**

Plaintiff sues Defendant "Nurse Linda" in both her official and individual capacities. Based on the allegations described above, the Court will allow a claim for deliberate indifference to a serious medical need to proceed against Defendant "Nurse Linda" in her individual capacity.

The Court next turns to Plaintiff's official-capacity claim against Defendant "Nurse Linda." This claim is deemed a claim against her employer, which Plaintiff indicates is SHP. *See, e.g.*, *Smith v. Davis*, 5:17-CV-P187-GNS, 2018 U.S. Dist. LEXIS 41882, at *16 (W.D. Ky.

---

standard to a claim of deliberate indifference to a serious medical need brought by a pretrial detainee); *see also Walker v. Miller*, No. 18-3209, 2018 U.S. App. LEXIS 29348, at *2 (6th Cir. Oct. 17, 2018) (continuing to apply the traditional standard to a deliberate-indifference-to-a-serious-medical-need claim brought by a pretrial detainee). In light of this jurisprudence, the Court will analyze Plaintiff's medical care claims under the traditional Eighth Amendment deliberate-indifference standard.

Mar. 14, 2018) (finding official-capacity claim against a Correct Care Solutions (CCS) employee to be against CCS itself); *Prather v. Corr. Care Solutions*, No. 3:16-CV-P60-JHM, 2016 U.S. Dist. LEXIS 65363, at *12 (W.D. Ky. May 18, 2016) (same). The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d

282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any action by Defendant "Nurse Linda" was the result of a policy or custom implemented or endorsed by SHP. Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant "Nurse Linda" for failure to state a claim upon which relief may be granted.

### 2. Other Medical Claims

As stated above, Plaintiff also alleges that the food he is provided is not "adequate to my cardiovascular diet which I'm supposed to be on and I'm not" and that he has missed several doctors' and physical therapy appointments.

These allegations fail to satisfy the second element of a deliberate indifference claim because Plaintiff does not attribute any act or omission to a particular Defendant. Moreover, the Court has already provided Plaintiff an opportunity to file an amended complaint to describe how the named Defendants or any other officials were personally involved in the alleged denial of an appropriate medical diet and/or caused him to miss critical medical appointments.

Thus, these claims will be dismissed for failure to state a claim upon relief may be granted.

### B. Claims against Defendants Phillips and Oshefski

The Court turns to Plaintiff's individual-capacity claims against Defendants Phillips and Oshefski. Plaintiff alleges that Defendant Phillips failed to timely report an incident where he witnessed Plaintiff receive the wrong medication. Plaintiff alleges that Defendant Oshefski failed to properly investigate the grievances Plaintiff filed regarding his medication issues. The Court finds that these allegations are not sufficient to state a claim against either Defendant

Phillips or Oshefski because Plaintiff has failed to allege that either was actively involved in any wrongdoing. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)); *see also Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (Defendants "cannot be subject to § 1983 liability simply because they have . . . failed to act based upon information contained in [] grievances.").

The Court next turns to Plaintiff's official-capacity claims against Defendants Phillips and Oshefski. "Official-capacity suits. . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). Thus, Plaintiff's official-capacity claims against Defendants Phillips and Oshefski are actually against their employer, which is Simpson County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). As explained above, when a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. at 120. Because the Court has concluded that

Defendants Phillips and Oshefski's alleged actions did not violate Plaintiff's constitutional rights, there is no violation for which Simpson County can be held liable.

Thus, the Court will dismiss Plaintiff's official and individual-capacity claims against Defendants Phillips and Oshefski for failure to state a claim upon which relief may be granted.

### C. Claims against Defendant SCJ/Simpson County

The SCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *6 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Simpson County that is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Simpson County is a "person" for purposes of § 1983. *Monell*, 436 U.S. at 658. The Court will therefore construe Plaintiff's claims against the SCJ as brought against Simpson County.

### 1. Medication Charges

Plaintiff's alleges that the SCJ charges him for his medications even though he receives them free of charge when he is not incarcerated. However, "[i]t is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay." *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997)). Thus, because Plaintiff does not allege that he was denied prescribed medication because of an inability to pay for it, he fails to

state a claim upon which relief may be granted.  *See also Martin v. Bova*, No. 1:13-cv-02739, 2014 U.S. Dist. LEXIS 70392, at *8 (N.D. Ohio May 22, 2014) (dismissing claim based upon charging of a co-pay for medications for failure to state a claim upon which relief may be granted because the plaintiff did not allege he was denied medical care).

### 2. Housing with State Inmates

With regard to Plaintiff's claim that he is housed in a cell with "state inmates," while state law may dictate the duration and circumstances under which a convicted inmate can be held in a county facility, no inmate enjoys a constitutional right to be housed in any particular facility or a particular part of the facility.  *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) (holding that a prisoner does not have a constitutional right to be placed in a specific security classification); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility).  Therefore, Plaintiff cannot state a claim under § 1983 claim based generally on being a pretrial detainee housed with state inmates.

### 3. Cell Conditions

As stated above, Plaintiff alleges that his cell has "black mold throughout"; that he is lying in the floor "where it's filthy and known to have lead paint"; and that he is housed with inmates who have "staff infections inmates with no kind of medical treatment which is detremental to my illness and could be fatal."  Based upon these allegations, the Court will allow a Fourteenth Amendment conditions-of-confinement claim to proceed against Simpson County.

### D. Injunctive Relief

Finally, the Court turns to Plaintiff's request that he be released from incarceration and that his record be expunged. The Court finds that this request for injunctive relief must be denied because when a "prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official and individual-capacity claims against Defendants Phillips and Oshefski are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. As such, the **Clerk of Court** is **DIRECTED** to **terminate these Defendants as parties to this action**.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claim against Defendant "Nurse Linda" and his claims based upon the denial of a medical diet, missed medical appointments, medication fees, and being housed with state inmates are also **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

As indicated above, upon review, the Court will allow Fourteenth Amendment claims to proceed against Defendant "Nurse Linda" in her individual capacity for deliberate indifference to a serious medical need in her individual-capacity and against Defendant Simpson County based upon Plaintiff's alleged conditions of confinement. In allowing these claims to proceed, the Court passes no judgment on their merit or the ultimate outcome of this action.

The **Clerk of Court** is **DIRECTED** to **substitute Simpson County** for the **Simpson County Jail** as a Defendant in this action.

The Court will enter a separate Service and Scheduling Order to govern the development of the continuing claims.

Date: November 20, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Simpson County Attorney
4414.011