UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-P131-GNS-HBB

TIMMIE JAMES LATHAM                                                                    PLAINTIFF

v.

SIMPSON COUNTY, et al                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 25). The motion is ripe for adjudication.  For the reasons outlined below, the motion is **GRANTED**.

## I.      BACKGROUND

Plaintiff Timmie James Latham ("Latham") was an inmate housed at the Simpson County Jail from January 18, 2018, to March 26, 2018, and July 31, 2019, to February 14, 2020.  (Mem. Op. & Order 1, DN 10; Phillips Aff. ¶ 1, DN 25-2).  During his incarceration, Latham alleges that he has congestive heart failure and that he was not given the proper medication or it was an incorrect dosage.  (Mem. Op. & Order 1).  When he raised this issue with jail personnel and a nurse, Latham contends that his concerns were not addressed.  (Mem. Op. & Order 1-2).

Besides issues with his medical treatment, Latham alleges that he was not given appropriate food for his cardiovascular diet and that he missed doctor and physical therapy appointments.  (Mem. Op. & Order 2).  As a pretrial detainee, Latham asserts that he should not have been housed in a maximum-security cell with state inmates.  (Mem. Op. & Order 2). Finally, Latham contends that his cell was unsanitary and contained black mold, and that he was housed with inmates who had staph infections, which posed a risk to his health.  (Mem. Op. & Order 2).

1

Latham filed this action asserting violation of his civil rights under 42 U.S.C. § 1983 against the Simpson County Jail, Nurse Linda, and others. (Compl. 1, DN 1; Am. Compl. 2, DN 9). In reviewing the Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed some of Latham's claims but allowed his Section 1983 for alleged violations of Fourteenth Amendment rights to proceed against Simpson County (after substituting Simpson County for Simpson County Jail) and Nurse Linda. (Order 11-12, DN 10).

Simpson County has moved for summary judgment on the bases that Latham has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, and because of a lack of proof to support to support Latham's condition of confinement claim. (Def.'s Mem. Supp. Mot. Summ. J. 5-14, DN 25-1). After Latham failed to respond to the motion, the Court ordered Latham to file a response. (Order 1-2, DN 26). No response has been filed.

## II.   STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *See id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *See id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving

2

party, the motion for summary judgment should be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *See Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted).

## III.   DISCUSSION

### A.   Failure to Exhaust Administrative Remedies – Cell Conditions

In moving for summary judgment, Simpson County contends that Latham failed to exhaust the jail's administrative remedies. Prisoner civil-rights cases are subject to the mandate of the Prison Litigation Reform Act ("PLRA"), which provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the failure to properly exhaust bars a prisoner's lawsuit in federal court. *See id.* at 93. Proper

3

exhaustion means that the plaintiff complied with the administrative agency's "deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91.

In support of its motion, Simpson County has submitted the affidavit of Major Timothy Phillips ("Phillips"), who worked at the Simpson County Jail during Latham's periods of incarceration. (Phillips Aff. ¶ 2). Simpson County Jail had a grievance procedure in place, and there was a kiosk through which inmates could submit grievances. (Phillips Aff. ¶ 3). The procedure provides:

> Inmates will be allowed to file a grievance if he/she believes he/she has been subjected to abuse, harassment, and violation of civil rights or denied privileges without justification. Such grievance shall be in written form utilizing the inmate kiosk in your cell. An inmate shall not fear against reprisal from initiating grievance procedures in an attempt to resolve legitimate complaints.

(Phillips Aff. Ex. A, DN 25-3). While incarcerated, Latham filed numerous grievances but did not file a grievance relating to the conditions of his cell. (Phillips Aff. ¶¶ 7-8; Phillips Aff. Ex. B, at 1-13, DN 25-4). While the Court gave Latham additional time to respond to the pending motion, he failed to do so. Therefore, Simpson County has established that it is entitled to summary judgment due to Latham's failure to exhaust his administrative remedies as to the condition of his cell.

### B.    Merits of Remaining Claim

In the screening order, the Court only allowed Latham's claim relating to conditions of confinement to proceed against Simpson County. (Mem. Op. & Order 9-10). In its motion, Simpson County seeks summary judgment on this claim. (Def.'s Mem. Supp. Mot. Summ. J. 7-14).

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under Section 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Simpson County, as a municipality, cannot be held responsible for a constitutional deprivation based on the doctrine of respondeat superior; rather, there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978); *Deaton v. Montgomery Cty.*, 989 F.2d 885, 889 (6th Cir. 1993). "'It is only when the "execution of the government's policy or custom . . . inflicts the injury" that the municipality may be held liable under § 1983.'" *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (internal citation omitted); *see also Monell*, 436 U.S. at 694. In other words, a municipality's policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694). As the plaintiff, Latham, "bears a heavy burden in proving municipal liability." *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005).

Latham's claim fails because he has failed to prove a constitutional violation that could give rise to municipal liability under *Monell*. As this Court previously summarized Latham's claim:

> Plaintiff alleges that his cell has "black mold throughout"; that he is lying in the floor "where it's filthy and known to have lead paint"; and that he is housed with inmates who have "staff [sic] infections inmates with no kind of medical treatment which is detremental [sic] to my illness and could be fatal."

(Mem. Op. & Order 10).  The Court has construed Latham's claims as a violation of his rights under Fourteenth Amendment, which provides the same protections for pretrial detainees as the Eighth Amendment does for convicted prisoners.  *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) ("The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'"  *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[1]

In general, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).  "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  As former Chief Justice Rehnquist noted, "nobody promised [inmates] a rose garden; and I know of nothing in the Eighth Amendment which requires that they be housed in a manner most pleasing to them . . . ."  *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16 (1981).

There is any lack of any evidence in the record that Latham's allegations are true or how long such conditions existed, and there is no allegation or proof that Latham suffered any

---

[1] While there is an exception for use-of-force claims, that exception does not apply to Latham's remaining claims.  *See id.* at 938 n.3.

6

physical injury as a result of his conditions of confinement. *See Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145-46 (6th Cir. 2002) ("Merchant does not allege that he was subjected to any physical injury as a result of the actual conditions in the segregated housing unit, and 42 U.S.C. § 1997e(e) precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'").[2]  Thus, Latham has failed to present evidence of a constitutional violation that could give rise to a claim against Simpson County under *Monell*, and summary judgment will also be granted on this basis.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 25) is **GRANTED**, and Plaintiff's claim against Defendant Simpson County is **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

December 22, 2020

cc:    Timmie James Latham, *pro se*
       counsel of record

---

[2] Simpson County has presented evidence that it has taken steps to address the cleanliness of the Simpson County Jail and the health of inmates.  Phillips' affidavit notes that it is the responsibility of inmates to keep their cells clean, and jail personnel periodically disinfect areas throughout the facility.  (Phillips Aff. ¶¶ 11-12; Phillips Aff. Ex. C, at 1, DN 25-5).  The Simpson County Jail also conducts head counts three times per day during which jail personnel check and observe the physical condition of inmates.  (Phillips Aff. ¶ 13).  Inmates with skin conditions are immediately sent for medical care, and inmates with staph infections are isolated until treatment is complete.  (Phillips Aff. ¶ 14).  Latham has failed to refute this evidence.